ANDRÉ BIROTTE JR.
United States Attorney

GRAYSON A. HOFFMAN
Member, Virginia Bar, 73726
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-2904
Facsimile: (202) 514-6770
Email: Grayson.A.Hoffman@usdoj.gov

GAVIN L. GREENE (SBN 230807)
Assistant United States Attorney
Room 7211 Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012
Telephone: (213) 894-4600
Facsimile: (213) 894-0115
Email: Gavin.Greene@usdoj.gov

Attorneys for Plaintiff,
United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )   CV10  1852  ◄ AHM(SSx)
                                  )   Civil No.
      v.                          )
                                  )   **Complaint for Permanent
ALEXANDER H. ADAMS, individually, )   Injunction and Other Relief**
and doing business as ADAMS       )
BEACH INCOME TAX; BRANDON A.      )
ADAMS; and GARRETT R. ADAMS,      )
                                  )
            Defendants.           )
_____   )

       Plaintiff, United States of America, for its complaint against Alexander H.

Adams, individually, and doing business as Adams Beach Income Tax, Brandon

A. Adams, and Garrett R. Adams ("defendants"), states as follows:

1

1.   Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407, and 7408.

2.   This suit is brought under sections 7402, 7407, and 7408 of the Internal Revenue Code (26 U.S.C.) (I.R.C.) to enjoin defendants from the following activities:

    (a)   Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return, amended return or other federal tax documents or forms for any other person or entity;

    (b)   Directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that advises or assists taxpayers to attempt to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling, or advocating the use of false IRS Forms 1099 or other false IRS forms based on the false claims that:

        I.   Taxpayers can draw on the Treasury of the United States to pay their tax debt or other debt using Forms 1099-OID or other documents;

        ii.   Taxpayers can issue false Forms 1099-OID on behalf of a creditor and report on federal tax returns the amount on the false Form 1099 as federal income taxes withheld on their behalf; and

        iii.   Taxpayers have an account with the Treasury Department from which they can draw funds through a process that is often called "redemption" or "commercial redemption."

    (c)   Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making or furnishing a statement regarding the excludability of income or securing any other tax benefit that defendants know or have reason to

1        know is false or fraudulent as to any material matter;

2     (d)   Engaging in conduct subject to penalty under 26 U.S.C. § 6701,

3            including preparing and filing tax returns and other documents that

4            understate the tax liabilities of others;

5     (e)   Preparing their own federal income tax returns claiming income

6            withholding and refunds based on amounts shown in Forms 1099

7            issued to their own creditors;

8     (f)   Filing, providing forms for, or otherwise aiding and abetting the

9            filing of frivolous Forms 1040, 1040X, 1099 or any other IRS forms

10          for themselves or others, including the notarization or signing of

11          certificates of service or similar documents in connection with the

12          frivolous tax returns;

13    (g)   Representing anyone other than themselves before the Internal

14          Revenue Service; and

15    (h)   Engaging in any other conduct that is subject to penalty under the

16          Internal Revenue Code or that interferes with the proper

17          administration and enforcement of the internal revenue laws.

3.    This action has been requested by the Chief Counsel of the Internal

Revenue Service, a delegate of the Secretary of the Treasury, and

commenced at the direction of a delegate of the Attorney General under 26

U.S.C. §§ 7402, 7407, and 7408.

**Defendants**

4.    Alexander Adams resides in Huntington Beach, California, and does

business as Adams Beach Income Tax, which operates in the Huntington

Beach, California area.  Venue is thus proper in this Court under 28 U.S.C.

§ 1391.  Alexander Adams prepares federal tax returns and other tax-related

documents for compensation.

5.   Garrett Adams, the son of Alexander Adams, also resides in Huntington Beach, California.  Venue is thus proper in this Court under 28 U.S.C. § 1391.  Garrett Adams prepares federal tax returns and other tax-related documents for compensation.

6.   Brandon Adams, the son of Alexander Adams, also resides in Huntington Beach, California.  Venue is thus proper in this Court under 28 U.S.C. § 1391.  Brandon Adams actively promotes the defendants' tax fraud scheme, which is detailed below.

7.   Defendants have prepared at least 1,421 federal tax returns since 2006.

8.   In 2008 and 2009, defendants prepared and/or filed fraudulent federal income tax returns (IRS Form 1040) and amended federal income tax returns (IRS Form 1040X) for tax years 2005, 2006, 2007, and 2008, and prepared and/or filed with the IRS other frivolous documents on behalf of others in exchange for compensation.

### The Defendants' Tax Fraud Scheme

9.   Defendants promote a tax fraud scheme designed to siphon massive fraudulent tax refunds from the U.S. Treasury.

10.  Defendants' tax-fraud scheme involves filing fraudulent federal income tax returns, amended federal income tax returns, and other frivolous documents with the IRS on behalf of their customers (and for themselves).

11.  To steal tax refunds from the Treasury, defendants fabricate federal income tax withholdings on tax returns and other IRS documents they prepare.  The fabricated tax withholding reported to the IRS on their customers' returns supports their fraudulent refund claims, some as large as $2.5 million per customer.

### Defendants Falsify IRS Forms To Perpetrate Scheme

12.  In support of their fraudulent refund claims, defendants prepare and file with the IRS false Forms 1099-OID, 1099-A, and Schedule B.

Complaint - United States v. Alexander Adams, et al.     4

13. IRS Forms 1099-OID are properly used to report Original Issue Discount (OID) income (and any federal income tax withheld from that income). Original issue discount income refers to the difference between the discounted price at which a debt instrument is sold at issuance, and the stated redemption price at maturity. OID is generally included in a taxpayer's income as it accrues over the term of the debt instrument, whether or not the taxpayer actually receives payments from the issuer of the debt instrument. OID is treated like a payment of interest, and a party issuing a financial instrument generating OID must issue a Form 1099-OID.

14. IRS Forms Schedule B are properly used to report interest and dividend income, and are attached to IRS Forms 1040.

15. The fraudulent Forms 1099-OID that defendants prepare and submit with returns they prepare falsely state that their customers are "payees" who receive OID income from their creditors.

16. The frivolous IRS Forms 1099-OID submitted with the returns that defendants prepare typically show false OID income paid by a customer's creditor – usually a credit card company, bank, or mortgage company – to the customer.

17. The Forms 1099-OID that defendants prepare and submit also falsely state that federal income taxes were withheld for the OID income purportedly received by the customer.

18. Defendants prepare bogus tax returns reporting false income which equals or approximates the total amount of the false "original issue discount," and claim false withholding on the customer's IRS Form 1040 (or 1040X). On the returns, defendants claim huge false refunds, often exceeding $500,000. Two of the returns defendants prepared for customers in 2009 included fraudulent refund claims of $2.5 million each.

Complaint - United States v. Alexander Adams, et al.     5

19. Defendant Alexander Adams prepared and filed a fraudulent amended federal income tax return for his son, defendant Garrett Adams, requesting a bogus refund of $2.5 million.

20. Defendant Alexander Adams prepared and filed a fraudulent amended federal income tax return for himself, seeking a bogus refund of $361,147.

21. Consequently, defendants' customers fail to file correct federal income tax returns (and amended returns), and falsely claim tax refunds to which they are not entitled.

22. The IRS Forms Schedule B that defendants prepare and file with their customers' federal tax returns typically show the customer as the "payee" of purported interest income paid to them by a creditor.

23. The apparent purpose of defendants' frivolous IRS Forms 1040, 1040X, 1099-OID, 1099-A, and Schedules B is to request fraudulent income tax refunds. The scheme is based in part on defendants' absurd claim that secret accounts exist that can be accessed to pay these bogus refund claims.

24. Defendants also claim that customers can use this tax scheme to cause the Government to reimburse the customers for their personal debts, such as credit card and mortgage debts.

25. In reality, regardless what forms are used or what they say, the defendants' scheme involves one central technique. Defendants fraudulently report that income tax was withheld from their customers, and then claim refunds based on those fabricated withholdings.

26. The table below sets forth 8 federal tax returns defendants prepared for customers and for themselves. These examples show the absurdly fraudulent refunds and federal income tax withholding claimed by defendants.

Complaint - United States v. Alexander Adams, et al.       6

**Examples**

| Customer | Year Return Was Filed With IRS | Tax Year | Fraudulent Refund Requested | False Income Tax Withholding Claimed |
|---|---|---|---|---|
| Christopher Otiko | 2009 | 2006 | $2,547,041 | $3,864,603 |
| **Defendant** Garrett Adams | 2009 | 2006 | $2,492,845 | $4,002,013 |
| Sean Morton | 2009 | 2007 | $1,754,594 | $2,845,361 |
| Brian and Allana Mallory | 2009 | 2007 | $401,120 | $580,314 |
| Lisa Yang | 2009 | 2006 | $494,739 | $754,075 |
| Matthew Hoey | 2009 | 2005 | $273,398 | $439,389 |
| Melissa Morton | 2009 | 2008 | $104,224 | $146,965 |
| **Defendant** Alexander Adams | 2009 | 2005 | $361,147 | $575,650 |

27.     The IRS has identified at least 42 returns prepared and filed by the defendants in 2008 and 2009 that request bogus refunds based on the defendants' fraudulent Forms 1099-OID, 1099-A, and Schedules B.  Many of the refund requests on these fraudulent returns exceed $500,000 and, on two returns, defendants requested fraudulent refunds of $2.5 million each. The total amount of bogus refunds requested by defendants on those 42 returns is approximately $15.2 million, and the IRS erroneously issued $629,735 in refunds.

**Brandon Adams Promotes Defendants' Tax Fraud Scheme**

28.     Brandon Adams promotes the defendants' OID tax scheme through live seminars, websites, telephone conference calls, DVDs, and CDs.  He is compensated for his promotional activities.

29.     Brandon Adams falsely informs potential customers and customers that, if the customers use defendants' tax scheme, the Government will refund all payments the customers have made toward their personal debts, such as

1    credit card and mortgage debts.

2  30.    Brandon Adams also provides private instruction for customers, teaching

3         them how to prepare and falsify the IRS forms defendants use in their tax

4         scheme.  He charges $100 to $200 per hour for such instruction.  For

5         example, Brandon Adams teaches customers how to prepare IRS Forms

6         1099-OID and 1099-A for use in defendants' tax scheme.

7                         **Tax Scheme Spreading Across Nation**

8  31.    The OID tax fraud scheme – which defendants promote and use – has been

9         spreading across the nation since 2008, creating significant enforcement

10        challenges for the IRS.  Scheme perpetrators, such as these defendants, have

11        already cost the United States millions of dollars in unrecovered fraudulent

12        refunds.  Accordingly, the IRS issued a nationwide "problem alert" warning

13        taxpayers about the same tax scheme that defendants are promoting in this

14        case, on October 10, 2008:

15             *http://www.irs.gov/newsroom/article/0,,id=98129,00.html*

16 32.    Defendants' scheme is part of a growing trend among tax defiers to file

17        frivolous tax returns and false Forms 1099-OID or other false IRS forms

18        with the IRS and courts in an attempt to escape their federal tax obligations

19        and steal from the U.S. Treasury.

20 33.    Other courts have enjoined tax return preparers for promoting the very same

21        tax schemes and for preparing the same type of bogus tax returns and

22        supporting documentation.  *See, e.g., United States v. Teresa Marty, et al.,*

23        at: http://www.usdoj.gov/opa/pr/2009/September/09-tax-937.html; *see also*

24        *United States v. Kahn,* 2004 WL 1089116, *1 (March 30, 2004 M.D. Fla.)

25        (court held defendants in violation of injunction that arose from defendants'

26        promotion of abusive tax schemes including "outlandish mechanisms" such

27        as using counterfeit bonds and checks to draw on fictitious treasury

28        accounts supposedly in their customers' name).  Other courts have

condemned the tax scheme. *Ray v. Williams*, 2005 WL 697041, *5-6 (March 24, 2005 D. Or.) (in considering prison's bar on the delivery of the book "Cracking the Code, Third Edition," held that book contained fraudulent claim of "Redemptionists" that direct treasury account exists that has a balance equal to the monetary value the government places on the life of an individual); *Monroe v. Beard*, 2007 WL 2359833, *2 (Aug. 16, 2007 E.D. Pa.) (characterized Redemption as an "anti-government scheme that utilizes commercial law to harass and terrorize its targets").

34.  In reliance on the defendants' services, their customers have failed to file proper federal income tax returns, which has either deprived the customers of proper tax refunds to which they may have been entitled, or deprived the United States of additional tax revenue owed by their customers.

### Harm

35.  Defendants have requested at least $15.2 million in fraudulent refunds since 2008, and have caused the IRS to issue at least $629,735 in erroneous refunds. The IRS has only recovered $6,660 of the erroneous refunds it issued.

36.  The Government has spent at least $37,000 investigating defendants' tax scheme, their fraudulent return preparation, and responding to and processing the frivolous documents defendants submitted to the IRS.

37.  The false Forms 1040, 1040X, 1099-OID, 1099-A, and Schedule B prepared and submitted by defendants also may cause the assessment of frivolous filing penalties against defendants' customers, and erroneous penalties against the creditors identified in the forms for failing to timely or accurately submit the forms to the IRS.

## Count I: Injunction Under 26 U.S.C. § 7407

38. The United States incorporates by reference the allegations contained in paragraphs 1 through 37.

39. Internal Revenue Code § 7407 authorizes the United States to seek an injunction against any tax return preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695."

40. If a return preparer's misconduct is continual or repeated, and the Court finds that a narrower injunction (*i.e.* prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the Court may enjoin the person from further acting as a return preparer.

41. Defendants Alexander Adams and Garrett Adams have continually and repeatedly prepared and filed with the IRS false and frivolous federal income tax returns (and amended returns), and other fraudulent tax-related documents on behalf of their customers.

42. As a result, defendants Alexander Adams and Garrett Adams have repeatedly and continually engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws.

43. Alexander Adams and Garrett Adams have repeatedly and continually prepared and filed federal tax returns that understate their customers' tax liabilities as a result of unreasonable and frivolous claims and, thus, have engaged in conduct subject to penalty under 26 U.S.C. § 6694.

44. Alexander Adams and Garrett Adams have repeatedly and continually prepared and filed federal income tax returns (and amended returns) that understate their customers' tax liabilities as a result of defendants' willful

attempts to understate their tax liabilities, and/or defendants' reckless and/or intentional disregard of internal revenue laws and regulations, and, thus, have engaged in conduct subject to penalty under 26 U.S.C. § 6694.

45.  Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, defendants Alexander Adams and Garrett Adams are likely to continue to prepare and file false federal income tax returns and engage in other misconduct of the type described in this complaint.

46.  Defendants Alexander Adams and Garrett Adams have continually and repeatedly prepared returns that include fraudulent refund claims.

47.  Defendants Alexander Adams and Garrett Adams should be permanently enjoined under 26 U.S.C. § 7407 from acting as federal tax return preparers because a limited injunction would be insufficient to stop them from interfering with the proper administration of the tax laws.

**Count II: Injunction Under 26 U.S.C. § 7408 for Violation of 26 U.S.C. §§ 6700 and 6701**

48.  The United States incorporates by reference the allegations contained in paragraphs 1 through 47.

49.  I.R.C. § 7408 authorizes a district court to enjoin any person from, *inter alia*, engaging in conduct subject to penalty under I.R.C. §§ 6700 or 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

50.  Section 6700 imposes a penalty on any person who organizes or participates in the sale of a plan or arrangement and, in so doing, makes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by participating in the plan or arrangement which that person knows or has reason to know is false or fraudulent as to any material matter.

51.  The defendants organized and participated in the sale of a plan or arrangement and, in doing so, made false and fraudulent statements with

1  respect to the tax benefits of participating in the plan or arrangement which
2  defendants knew or had reason to know were false.

52.  Defendants falsely promised larger tax refunds from the Government,
which defendants knew or had reason to know was predicated on the
submission of fraudulent documents to the IRS.

53.  As a result, defendants engaged in conduct subject to penalty under 26
U.S.C. § 6700.

54.  Section 6701 imposes a penalty on any person who aids or assists in,
procures, or advises with respect to, the preparation or presentation of any
portion of a return, affidavit, claim, or other document, who knows (or has
reason to believe) that such portion will be used in connection with any
material matter arising under the internal revenue laws, and who knows that
such portion (if so used) would result in an understatement of the liability
for tax of another person.

55.  Defendants prepared and aided or assisted in the preparation and/or filing of
federal income tax returns and other documents that resulted in the
understatement of their customers' tax liabilities.

56.  Defendants knew or had reason to believe that the fraudulent documents
they prepared and/or filed with the IRS – including bogus IRS Forms 1040,
Forms 1040X, 1099-OID, 1099-A, and Schedule B – would drastically
understate their customers' federal income tax liabilities.

57.  As a result, defendants have engaged in conduct subject to penalty under 26
U.S.C. § 6701.

58.  Injunctive relief is appropriate to prevent recurrence of defendants' penalty
conduct.

### Count III: Injunction Under 26 U.S.C. § 7402

59.  The United States incorporates by reference the allegations contained in
paragraphs 1 through 58.

Complaint - United States v. Alexander Adams, et al.     12

60. I.R.C. § 7402(a) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing those laws.

61. Defendants substantially interfere with the enforcement of the internal revenue laws by promoting their "redemption" or "commercial redemption" tax-fraud scheme and filing frivolous federal tax returns and other documents on behalf of their customers.

62. As a result of the defendants' misconduct, their customers fail to file proper tax returns, erroneous refunds for hundreds of thousands of dollars have been issued to their customers, and the customers are potentially liable for substantial penalties.

63. Defendants' conduct causes irreparable harm to the United States and to the public for which there is no adequate remedy at law.

64. Unless enjoined by this Court, the defendants will continue to promote and administer this tax-fraud scheme.

65. The United States is entitled to injunctive relief under I.R.C. § 7402(a) to prevent the recurrence of this misconduct.

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A.   That the Court find that defendants Alexander Adams and Garrett Adams have continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, 6700, and 6701, and that injunctive relief is appropriate under 26 U.S.C. §§ 7402, 7407, and 7408 to bar defendants Alexander Adams and Garrett Adams from acting as tax return preparers, and from engaging in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701;

B.   That the Court find that defendant Brandon Adams has engaged in conduct subject to penalty under 26 U.S.C. § 6700, and that injunctive relief is appropriate under 26 U.S.C. §§ 7402 and 7408, barring Brandon Adams from

1    engaging in conduct subject to penalty under 26 U.S.C. § 6700.

2         C.    That the Court find that defendants Alexander Adams and Garrett

3    Adams have engaged in conduct that substantially interferes with the enforcement

4    and administration of the internal revenue laws, and that injunctive relief against

5    defendants is appropriate to prevent the recurrence of that misconduct pursuant to

6    26 U.S.C. §§ 7407 and 7402(a);

7         D.    That the Court, under 26 U.S.C. §§ 7402 and 7407, enter a permanent

8    injunction permanently barring defendants Alexander Adams and Garrett Adams

9    from acting as federal tax return preparers and from preparing or filing federal tax

10   returns or forms for others, from representing others before the IRS, and from

11   advising anyone concerning federal tax matters;

12        E.    That the Court, under 26 U.S.C. §§ 7402 and 7407, enter a permanent

13   injunction prohibiting defendants Alexander Adams and Garrett Adams, and their

14   representatives, agents, servants, employees, attorneys, independent contractors,

15   anyone in active concert or participation with them, from directly or indirectly;

16        (1)    Preparing or filing, or assisting in, or directing the preparation

17               or filing of any federal income tax return, amended return, IRS

18               Forms 1099-OID, 1099-A, Schedule B, or any other related

19               documents or forms for any other person or entity;

20        (2)    Engaging in activity subject to penalty under 26 U.S.C. §§

21               6694 or 6695;

22        (3)    Engaging in any other activity subject to penalty under the

23               Internal Revenue Code; and

24        (4)    Engaging in other conduct that substantially interferes with the

25               proper administration and enforcement of the internal revenue

26               laws;

27

28   Complaint - United States v. Alexander Adams, et al.    14

F.    That this Court, under 26 U.S.C. §§ 7402 and 7408, enter a permanent injunction prohibiting defendants and their representatives, agents, servants, employees, and anyone in active concert or participation with them, from directly or indirectly by means of false, deceptive, or misleading commercial speech:

    (1)   Organizing or selling tax shelters, plans or arrangements that advise or assist taxpayers to attempt to evade the assessment or collection of such taxpayers' correct federal tax;

    (2)   Engaging in any other activity subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making a statement regarding the excludability of income or securing of any other tax benefit by participating in the plan that defendants know or have reason to know is false or fraudulent as to any material matter;

    (3)   Engaging in any activity subject to penalty under 26 U.S.C. § 6701; and

    (4)   Directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that advises or encourages taxpayers to attempt to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling, or advocating the use of the "commercial redemption" theory and false IRS Forms 1099-OID based on the false claims that:

        I.   Taxpayers can draw on the Treasury of the United States to pay their tax debt or other debt using Forms 1099-OID or other documents;

        ii.   Taxpayers can issue false Forms 1099-OID on behalf of a creditor and report the amount on the false Form 1099

as federal income taxes withheld on their behalf; and

    iii.    Taxpayers have an account with the Treasury Department from which they can draw funds through a process that is often called "redemption" or "commercial redemption."

G.    That this Court, under 26 U.S.C. § 7402, enter a permanent injunction prohibiting defendants from preparing their own federal income tax returns claiming false income tax withholding and refunds, whether or not they are based on amounts shown in false Forms 1099-OID issued to their creditors and false Forms Schedule B;

H.    That this Court, under 26 U.S.C. § 7402, enter a permanent injunction prohibiting defendants from filing, providing forms for, or otherwise aiding and abetting the filing of frivolous Forms 1040, Forms 1040X, Forms 1099-OID, and Schedules B for themselves or others;

I.    That this Court, under 26 U.S.C. § 7402, enter an injunction requiring defendants, within 20 days of entry of the injunction order, to contact by mail (and also by e-mail, if an address is known) all persons who have purchased or otherwise received any products, services or advice from defendants since January 1, 2007, enclosing a copy of the permanent injunction order against defendants. The injunction also should order defendants to certify with the Court, under penalty of perjury, within 20 days of entry of the injunction order, that they have complied with the requirements set forth in paragraphs I and J;

J.    That this Court, under 26 U.S.C. § 7402, order defendants, within 20 days of entry of the injunction order, to provide to counsel for the United States a list of all persons for whom they have prepared federal tax returns, and who have purchased any products, services or advice from defendants since January 1, 2007;

K.    That this Court allow the Government full post-judgment discovery

1    to monitor defendants' compliance with the injunction; and

2         L.    That this Court grant the United States such other and further relief as

3    the Court deems just and appropriate.

4

5         Date: March 15, 2010

6                                      Respectfully submitted,

7

8                                      ANDRÉ BIROTTE JR.
                                       United States Attorney

9

10                                     /s/ Grayson A. Hoffman
                                       GRAYSON A. HOFFMAN
11                                     Member, Virginia Bar, 73726
                                       Trial Attorney, Tax Division
12                                     U.S. Department of Justice
                                       Post Office Box 7238
13                                     Ben Franklin Station
                                       Washington, D.C.  20044
14                                     Telephone: (202) 616-2904
                                       Fax: (202) 514-6770
15                                     Email: Grayson.A.Hoffman@usdoj.gov

16

17

18

19

20

21

22

23

24

25

26

27

28   Complaint - United States v. Alexander Adams, et al.    17

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 1852 AHM (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Sandra Brown, Chief, Tax Division
Grayson A. Hoffman, Trial Attorney
Gavin L. Greene, AUSA
P.O. Box 7238, Ben Franklin Station
Washington, DC 20044

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ALEXANDER H. ADAMS, individually, and doing business as ADAMS BEACH INCOME TAX; BRANDON A. ADAMS; and GARRETT R. ADAMS<br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 1852 AHM (SSx)<br><br>**SUMMONS** |

TO:   DEFENDANT(S):   ALEXANDER H. ADAMS, individually, and doing business as ADAMS BEACH INCOME TAX; BRANDON A. ADAMS; and GARRETT R. ADAMS

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Grayson A. Hoffman _____, whose address is Department of Justice, Tax Division, P.O. Box 7238, Washintgon, DC 20044 _____.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAR 1 5 2010__

By: _____

CHRISTOPHER POWERS

Deputy Clerk

SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                        SUMMONS

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | ALEXANDER H. ADAMS, individually, and doing business as ADAMS BEACH INCOME TAX; BRANDON A. ADAMS; and GARRETT R. ADAMS |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Grayson A. Hoffman, Trial Attorney<br>U.S. Department of Justice, Tax Division, P.O. Box 7238, Ben Franklin Station, Washington, DC 20044; Telephone No. (202) 616-2904 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
26 U.S.C. Section 7402 to enjoin defendants from preparing, filing, or assisting in, or directing the preparation or filing of any federal tax returns.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

CV10 1852

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendants reside in Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   3/12/10

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |