ANDRE' BIROTTE, JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

MARTIN M. SHOEMAKER
Ga. Bar 001340
U.S. Dept. of Justice, Tax Division
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 514-6491
Facsimile: (202) 514-6770
Email: martin.m.shoemaker@usdoj.gov

GAVIN L. GREENE (SBN 230807)
Assistant United States Attorney
Room 7211 Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012
Telephone: (213) 894-4600
Facsimile: (213) 894-0115
Email: Gavin.Greene@usdoj.gov

Attorneys for Plaintiff, United States of America



JS-6

FILED
CLERK, U.S. DISTRICT COURT
SEP 28 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXANDER H. ADAMS,
individually and d/b/a ADAMS
BEACH INCOME TAX;
BRANDON A. ADAMS; and
GARRETT R. ADAMS,

    Defendants.

Case no. 2:10-cv-1852-AHM(SSx)

**Default Judgment and Permanent Injunction**

This matter comes before the Court on the United States' Motion for Default Judgment and Permanent Injunction Against All Defendants. Having reviewed the record in this case, the Court makes the following findings of fact and conclusions of law and enters this permanent injunction against Alexander H. Adams, individually and doing business as Adams Beach Income Tax, Brandon A. Adams

1

and Garrett R. Adams.

## Findings of Fact

1. The United States brought this action under §§ 7402, 7407 and 7408 of the Internal Revenue Code, 26 U.S.C. ("IRC"). Jurisdiction is proper under 28 U.S.C. §§ 1340 and 1345, and IRC §§ 7402(a), 7407 and 7408. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the defendants reside or conduct business in this district and because a substantial part of the actions giving rise to this suit took place in this district.

2. Alexander Adams resides in Huntington Beach, California, and does business as Adams Beach Income Tax, which operates in the Huntington Beach area. Garrett Adams, Alexander's son, also resides in Huntington Beach. Alexander and Garrett Adams prepare federal tax returns and other tax-related documents for compensation.

3. Brandon Adams, also Alexander's son, resides in Huntington Beach, and actively promotes the defendants' tax fraud scheme, which is detailed below.

4. During 2008 and 2009 the defendants prepared or filed fraudulent federal income tax returns (IRS Form 1040) and amended federal income tax returns (IRS Form 1040X) for tax years 2005 through 2008, and prepared or filed with the IRS other frivolous documents on behalf of others in exchange for compensation.

5. Defendants promote a tax fraud scheme designed to siphon massive fraudulent tax refunds from the U.S. Treasury. To abscond tax refunds from the Treasury, defendants fabricate federal income tax withholdings on tax returns and other IRS documents they prepare for customers and themselves. The fabricated tax withholding reported to the IRS on their customers' returns supports their fraudulent refund claims, some as large as $2.5 million per customer. In support of their fraudulent refund claims, defendants prepare and file with the IRS false Forms 1099-OID, 1099-A, and Schedule B.

6. IRS Forms 1099-OID are properly used to report Original Issue Discount

(OID) income (and any federal income tax withheld from that income). OID income refers to the difference between the discounted price at which a debt instrument is sold at issuance, and the stated redemption price at maturity. OID is generally included in a taxpayer's income as it accrues over the term of the debt instrument, whether or not the taxpayer actually receives payments from the issuer of the debt instrument. OID is treated like a payment of interest, and a party issuing a financial instrument generating OID must issue a Form 1099-OID. IRS Forms Schedule B are properly used to report interest and dividend income, and are attached to IRS Forms 1040.

7. The IRS Forms 1099-OID submitted with the returns that defendants prepare typically show false OID income paid by a customer's creditor – usually a credit card company, bank, or mortgage company – to the customer. The Forms 1099-OID that defendants prepare and submit also falsely state that federal income taxes were withheld from the OID income purportedly received by the customer.

8. Defendants prepare tax returns reporting false income which equals or approximates the total amount of the false "original issue discount," and claim false withholding on the customer's tax return. On the returns defendants claim huge false refunds, often exceeding $500,000. Two of the returns defendants prepared for customers in 2009 included fraudulent refund claims of $2.5 million each.

9. Alexander Adams prepared and filed a fraudulent amended federal income tax return for his son Garrett Adams requesting a bogus refund of $2.5 million. Alexander prepared and filed a fraudulent amended federal income tax return for himself seeking a bogus refund of $361,147.

10. Consequently, defendants' customers fail to file correct federal income tax returns (and amended returns), and falsely claim tax refunds to which they are not entitled. The IRS Forms Schedule B that defendants prepare and file with their customers' federal tax returns typically show the customer as the "payee" of purported interest income paid to them by a creditor. The apparent purpose of

3

defendants' Forms 1040, 1040X, 1099-OID, 1099-A, and Schedules B is to request fraudulent income tax refunds.

11. The scheme is based in part on defendants' absurd claim that secret accounts exist that can be accessed to pay these bogus refund claims. Defendants also claim that customers can use this tax scheme to cause the Government to reimburse the customers for their personal debts, such as credit card and mortgage debts.

12. In reality, regardless of what forms are used or what they say, the defendants' scheme involves one central technique. Defendants fraudulently report that income tax was withheld from their customers, and then claim refunds based on those fabricated withholdings.

13. The table below sets forth eight federal tax returns defendants prepared for customers and for themselves. These examples show large fraudulent refunds and federal income tax withholding claimed by defendants.

| Customer | Year Return Was Filed With IRS | Tax Year | Fraudulent Refund Requested | False Tax Withholding Claimed |
|---|---|---|---|---|
| Christopher Adieux | 2009 | 2006 | $2,547,041 | $3,864,603 |
| Garrett Adams | 2009 | 2006 | $2,492,845 | $4,002,013 |
| Sean Morton | 2009 | 2007 | $1,754,594 | $2,845,361 |
| Brian and Alana Malloy | 2009 | 2007 | $401,120 | $580,314 |
| Lisa Yang | 2009 | 2006 | $494,739 | $754,075 |
| Matthew Hey | 2009 | 2005 | $273,398 | $439,389 |
| Melissa Morton | 2009 | 2008 | $104,224 | $146,965 |
| Alexander Adams | 2009 | 2005 | $361,147 | $575,650 |

14. The IRS has identified at least 42 returns prepared and filed by the defendants in 2008 and 2009 that request bogus refunds based on the defendants'

fraudulent Forms 1099-OID, 1099-A, and Schedules B. The total amount of false refunds requested by defendants on those 42 returns is approximately $15.2 million. The IRS erroneously issued $629,735 in refunds to defendants' customers, and has recovered only $6,600 of that amount.

15. Alexander and Garrett Adams have continually and repeatedly prepared and filed with the IRS false and frivolous federal income tax returns and amended returns and other fraudulent tax-related documents on behalf of their customers that understate their customers' tax liabilities. As a result, they have continually and repeatedly engaged in fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

16. Absent an injunction, Alexander and Garrett Adams are likely to continue to prepare and file false federal income tax returns and engage in other misconduct of the type described herein.

17. Brandon Adams promotes the defendants' OID tax scheme through live seminars, websites, telephone conference calls, DVDS, and CDs. He is compensated for his promotional activities. Brandon Adams falsely informs potential customers and customers that, if the customers use defendants' tax scheme, the government will refund all payments the customers have made toward their personal debts, such as credit card and mortgage debts. Brandon Adams also provides private instruction for customers, teaching them how to prepare and falsify the IRS forms defendants use in their tax scheme. He charges $100 to $200 per hour for such instruction.

18. In promoting their OID scheme the defendants promised larger tax refunds from the Government, which the defendants knew or had reason to know were false and were predicated on the submission of fraudulent documents to the IRS. They prepared and aided or assisted in the preparation or filing of federal income tax returns and other documents that resulted in the understatement of their customers' tax liabilities. They knew or had reason to believe that the fraudulent documents they prepared or filed with the IRS – including bogus IRS Forms 1040,

Forms 1040X, 1099-OID, 1099-A and Schedule B – would drastically understate their customers' federal income tax liabilities.

19. The OID tax fraud scheme – which defendants promote and use – has been spreading across the nation since 2008, creating significant enforcement challenges for the IRS. Scheme perpetrators, such as the defendants, have already cost the United States millions of dollars in unrecovered erroneous refunds. Accordingly, the IRS issued a nationwide "problem alert" warning taxpayers about the same tax scheme that defendants are promoting in this case, on October 10, 2008.

20. Other courts have enjoined tax return preparers for promoting the very same tax schemes and for preparing the same type of bogus tax returns and supporting documentation. *See, e.g., United States v. Knupp*, No. 1:09cv2724, 2010 WL 2245551 (N.D. Ga. May 14, 2010); *United States v. McIntyre*, no. cv-09-7017, 2010 WL 2103226 (C.D. Cal. May 24, 2010); *United States v. Able*, No. 3:09-537-JFA, 2010 WL 2431013 (D.S.C. Mar. 26, 2010), and 2010 WL 2431016 (D.S.C. June 14, 2010); *United States v. Marty, et al.*, No. CIV S-09-0600, 2010 WL 3235186 (E.D. Cal. Jan. 14, 2010); *United States v. Miller*, no. 3:09cv1030, 2009 WL 4060274 (M.D. Tenn. Nov. 23, 2009).

21. The Government has spent at least $37,000 investigating defendants' tax scheme, their fraudulent return preparation, and responding to and processing the frivolous documents defendants submitted to the IRS. The false Forms 1040, 1040X, 1099-OID, 1099-A, and Schedule B prepared and submitted by defendants also may cause the assessment of frivolous filing penalties against defendants' customers, and erroneous penalties against the creditors identified in the forms for failing to timely or accurately submit the forms to the IRS.

22. The defendants substantially interfere with the enforcement of the internal revenue laws by promoting their "redemption" or "commercial redemption" tax-fraud scheme and filing frivolous federal tax returns and other documents on behalf of their customers. As a result of the defendants' misconduct, their customers fail

to file proper tax returns, erroneous refunds of hundreds of thousands of dollars have been issued to their customers, and the customers are potentially liable for substantial penalties. The defendants' conduct causes irreparable harm to the United States and to the public for which there is no adequate remedy at law.

23. The United States filed its Complaint for Permanent Injunction and Other Relief on March 15, 2010, and copies of the complaint and summonses were properly served on the defendants. The defendants have failed to answer the complaint. Default was entered against them by the Clerk of Court on April 16, 2010.

24. None of the defendants is incompetent, an infant or on active military duty.

## Conclusions of Law

25. Section 7407, IRC, authorizes a court to enjoin a tax return preparer if, *inter alia*, the court finds that the return preparer has engaged in conduct subject to penalty under IRC § 6694, and that injunctive relief is appropriate to prevent the recurrence of the conduct. Furthermore, IRC § 7402(a) authorizes courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws."

26. Section 6694(b), IRC, imposes penalties on a tax return preparer who willfully attempts to understate the tax liability of another person or whose reckless or intentional disregard of rules and regulations results in the understatement of the tax liability. Defendants Alexander Adams and Garrett Adams continually and repeatedly engaged in conduct subject to penalty under IRC § 6694(b) by preparing returns that they know understate the liabilities of their customers. Their misconduct includes preparing returns and supporting documents that they know report false amounts of tax withholdings and claim fraudulent refunds.

27. Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, defendants Alexander Adams and Garrett Adams are likely to continue

preparing and filing false federal income tax returns and IRS forms of the type described herein.

28. Defendants Alexander Adams and Garrett Adams should be permanently enjoined under IRC § 7407 from acting as tax return preparers. Due to his active role in the defendants' scheme, Brandon Adams should be permanently enjoined under IRC § 7402 from acting as a tax return preparer. Their repeated and continual misconduct and the nature of that misconduct demonstrates that a narrower injunction prohibiting specific misconduct would be insufficient to prevent their interference with the proper administration of the internal revenue laws.

29. Section 7408, IRC, authorizes courts to enjoin any person from engaging in conduct that is subject to penalty under IRC §§ 6700 or 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

30. Section 6700, IRC, imposes a penalty on any person who organizes or participates in the sale of a plan or arrangement and, in so doing, makes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by participating in the plan or arrangement which that person knows or has reason to know is false or fraudulent as to any material matter.

31. Each of the defendants violated § 6700 by organizing and participating in the sale of a plan or arrangement–namely, their OID program– and, in doing so, making false and fraudulent statements with respect to the tax benefits of participating in the plan or arrangement which defendants knew or had reason to know were false. Defendants falsely promised larger tax refunds from the Government, which defendants knew or had reason to know were predicated on the submission of fraudulent documents to the IRS.

32. As a result, all three defendants have engaged in conduct subject to penalty under § 6700, and should be enjoined under IRC § 7408 from engaging in such conduct.

33. Section 6701(a), IRC, penalizes any person who aids or assists in the preparation of any portion of a federal tax return or other document knowing that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it would result in an understatement of another person's tax liability.

34. The defendants have prepared federal tax returns and related documents for others knowing that the returns and documents improperly report interest income and, most significantly, income tax withholdings thus resulting in the understatement of tax liability and claims for large fraudulent refunds. Their conduct is subject to penalty under IRC § 6701. Unless enjoined by the Court, the defendants are likely to continue to prepare tax returns, forms and documents that they know will result in the understatement of tax liability.

35. Accordingly, each of the defendants should be enjoined under IRC § 7408 from engaging in conduct subject to penalty under IRC § 6701.

36. As stated above, IRC § 7402(a) authorizes courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other penalties." The defendants, through the actions described above, have engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws, and are likely to continue to engage in such conduct unless enjoined. The defendants' conduct is causing irreparable injury to the United States and an injunction under § 7402(a) is necessary and appropriate. If the defendants are not enjoined from preparing tax returns, and from preparing other false IRS forms and tax-related documents, the United States will suffer irreparable injury by erroneously providing tax refunds to persons not entitled to receive them and by taxpayers not reporting and paying the correct amount of taxes.

37. Unless the defendants are enjoined the IRS will have to devote substantial

time and resources to identify and locate their customers, and then examine those customers' tax returns and property records. Pursuing all individual customers may be impossible given the IRS's limited resources. In addition to the harm caused by the defendants' conduct, the defendants' activities undermine confidence in the administration of the federal tax system and encourage noncompliance with the internal revenue laws. Enjoining the defendants is in the public interest because an injunction will stop their illegal conduct and the harm it causes the United States.

38. Injunctive relief under IRC §§ 7402(a), 7407 and 7408, is therefore appropriate and necessary.

## INJUNCTION ORDER

Based on the above findings and for good cause shown, the United States' Motion for Default Judgment and Permanent Injunction Against All Defendants is GRANTED. Accordingly,

**IT IS ORDERED** that Alexander H. Adams, Brandon A. Adams and Garrett R. Adams, and any entity through which either of them conducts business and all persons and entities in active concert or participation with either of them, are enjoined from preparing or filing, or assisting in the preparation or filing, federal tax returns or other related documents and forms for other persons or entities.

**IT IS FURTHER ORDERED** that Alexander H. Adams, Brandon A. Adams and Garrett R. Adams are enjoined from preparing or filing their own federal income tax returns claiming false income tax withholding and false refunds.

**IT IS FURTHER ORDERED** that Alexander H. Adams, Brandon A. Adams and Garrett R. Adams, and any entity through which either of them conducts business and all persons and entities in active concert or participation with either of them, are enjoined from:

(1) Preparing or assisting in preparation or filing of false IRS Forms 1099-OID, 1099-A or Schedule B;

(2) Engaging in any activity subject to penalty under 26 U.S.C. §§ 6694,

6700 or 6701; including promoting, organizing or selling the 1099-OID tax fraud program or "commercial redemption" program;

(3) Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws, including hindering or delaying IRS audits by submitting frivolous 1099-OID forms or similar frivolous correspondence, or assisting individuals seek tax refunds based on false 1099-OID forms.

**IT IS FURTHER ORDERED** that the defendants, within 20 days of entry of this injunction order, contact by mail *all* persons for whom they have prepared federal tax returns and/or who have purchased OID-related products or services since January 1, 2007, (including Christopher Adieux, Sean Morton, Brian Malloy, Alana Malloy, Lisa Yang, Matthew hey and Melissa Morton) and provide those persons with a copy of this injunction order, and to file with the Court within 25 days of the date of this injunction order, a certification signed under penalty of perjury that they have done so.

**IT IS FURTHER ORDERED** that the defendants, within 20 days of entry of this injunction order, provide to counsel for the United States a list of all persons (including names, addresses and social security numbers) for whom they have prepared federal tax returns and/or who have purchased OID-related products or services since January 1, 2007.

/ / /
/ / /
/ / /

11

**IT IS FURTHER ORDERED** that the United States is authorized to engage in post-judgment discovery in order to monitor compliance with the terms of this injunction order.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action to ensure that this judgment is implemented and enforced as herein provided.

Dated: 9/28/10

*/s/ A. Howard Matz*

A. HOWARD MATZ

UNITED STATES DISTRICT JUDGE